UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE BATES, | : |
| Petitioner, | : |
| v. | : No. 2:15-cv-05527 |
| SUPERINTENDENT FERGUSON; DISTRICT ATTORNEY, CHESTER COUNTY; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : |
| Respondents. | : |

## **O P I N I O N**

**Report and Recommendation, ECF No. 7 – Adopted**
**Petition for Writ of Habeas Corpus, ECF No. 1 – Dismissed**

**Joseph F. Leeson, Jr.**                                                                     **April 16, 2018**
**United States District Judge**

### I.     Introduction

Petitioner George Bates filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his sentence of thirty to sixty years' imprisonment imposed by the Chester County Court of Common Pleas on June 23, 2006, following his guilty plea to charges of third degree murder, conspiracy to commit third degree murder, criminal attempt homicide, and conspiracy to commit criminal attempt homicide. Magistrate Judge David R. Strawbridge issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed as untimely. ECF No. 7. Bates has filed objections to the R&R. ECF No. 10. After de novo review, this Court adopts the R&R and dismisses Bates's Petition.

## II. Background

As summarized in the R&R,[1] on October 3, 2000, Bates, along with two co-defendants, waited outside of a bar with the ultimate goal to kill Terrance Maxie. The three men were unable to carry out the murder on that date but succeeded a week later, on October 10, 2000.

The Commonwealth brought two separate sets of charges, with CP-15-CR-0004130-2004 relating to the October 3, 2000 attempt and CP-15-CR-0004129 relating to October 10, 2000 murder. On June 23, 2006, before the Honorable Howard F. Riley, Jr., Bates entered a negotiated guilty plea to charges of criminal attempt homicide, conspiracy to commit criminal homicide, third degree murder, and conspiracy to commit third degree murder. Pursuant to the plea agreement, he was sentenced to twenty to forty years' imprisonment for third degree murder and a two-to-four-year prison term for criminal conspiracy to commit third degree murder on the CP-15-CR-0004129-2004 charges, and he was sentenced to eight to sixteen years' imprisonment for criminal attempt homicide on the CP-15-0004130-2004 charges. He was not sentenced for conspiracy to commit criminal homicide. All sentences were to run consecutively, resulting in an aggregate sentence of thirty to sixty years' imprisonment.

As Bates filed no post-sentence motion or appeal, his judgment of sentence became final on July 23, 2006. Bates took no action to challenge his conviction until February 27, 2013, when he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9551 (PCRA), claiming that he was subjected to an illegal sentence. The PCRA Court dismissed the petition, and the Superior Court affirmed on March 28, 2014. *See Com. v. Bates*, No. 2463 EDA 2013, 2014 WL 10979730, at *1 (Pa. Super. Ct. Mar. 28, 2014). Bates filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, but it was denied on

---

[1] There are no objections to the R&R's factual and procedural summary.

October 7, 2014. Nearly one year later, in September 2015, Bates filed his habeas corpus petition with this Court.

Magistrate Judge Strawbridge found that the one-year limitations period for Bates to file a habeas corpus petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) [2] began to run on July 23, 2006, which is the date on which Bates's judgment of sentence became final. Based on this finding, Magistrate Judge Strawbridge determined that Bates's September 2015 Petition was filed after the one-year limitations period expired—indeed, more than eight years after the period expired—and that, as a result, Bates's Petition is untimely unless Bates is entitled either to sufficient statutory tolling under 28 U.S.C. § 2244(d)(2) or to equitable tolling as recognized by the Supreme Court in *Holland v. Florida*, 560 U.S. 631, 649 (2010).

First, Magistrate Judge Strawbridge determined that Bates is not entitled to statutory tolling because his PCRA petition was ruled untimely under Pennsylvania law. *See* R&R 8-9.[3] Second, the primary focus of Bates's Petition is his claim that he is entitled to equitable tolling because Judge Riley "actively misled" him when he advised Bates, during Bates's plea and sentencing colloquy on June 23, 2006, that "challenges to the legality of the sentence or jurisdiction of the court can be raised at any time." *See* Hr'g Tr. 28-30, June 23, 2006. Bates contends that, on the basis of Judge Riley's statement, he was "reasonably acting in good faith

---

[2]  *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").
[3]  In addition, Magistrate Judge Strawbridge found that although Bates claims in his habeas Petition that he was subjected to "government interference" that, under Pennsylvania law, entitled him to toll the period in which to file a PCRA petition, Bates failed to make this argument in state court and, as a result, this Court is precluded from considering the question. *See* R&R 9.

and with all due diligence when he submitted, what he believed to be a timely challenge to his illegal sentence." Pet'r's Mem. 12, ECF No 1-1.

Magistrate Judge Strawbridge closely examined this claim. He observed that in order to qualify for equitable tolling, a habeas petitioner is required to satisfy two elements—(1) that he has been pursuing his rights diligently, and (2) that he was prevented from filing his petition by some extraordinary circumstance that stood in his way—and he found that Bates failed to meet either element.[4] Specifically, with respect to the first element, Magistrate Judge Strawbridge determined that Bates had failed to show "reasonable diligence"[5] because he "provides no evidence that he did anything to inquire about or pursue his post-conviction rights until he filed his PCRA petition on February 27, 2013." R&R 10. With respect to the second element, Magistrate Judge Strawbridge determined that Bates's lack of knowledge of his rights does not constitute an "extraordinary circumstance" and there was "no evidence the sentencing judge intended to actively mislead [Bates]." R&R 13. Accordingly, Magistrate Judge Strawbridge found that Bates was not entitled to equitable tolling.

Finally, Magistrate Judge Strawbridge determined that Bates had failed to present a meritorious claim of "actual innocence,"[6] both because Bates is not, in fact, denying his role in

---

[4] *See Holland*, 560 U.S. at 649 ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[5] *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is reasonable diligence . . . not maximum feasible diligence." (internal quotation marks and citations omitted)).

[6] Actual innocence, if proved, acts as a "gateway" through which a petitioner may pass beyond an expired statute of limitations to have his claim considered on the merits. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

the murder of Terrance Maxie and because the information on which Bates relies for his innocence claim was available even before his sentencing.[7]

III. **Standard of Review – R&R with objections**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

IV. **Bates's Objections to the R&R are overruled.**

Bates objects to the R&R on three grounds. First, he objects to the Magistrate Judge's determination of the date on which the AEDPA statute of limitations period began to run. Second, he objects to the Magistrate Judge's determination that his Petition is not subject to equitable tolling. And third, he objects to the Magistrate Judge's determination that he failed to make a valid claim of actual innocence. The Court considers these objections in turn.

---

[7] As indicated above, Bates pleaded guilty to charges of third degree murder, conspiracy to commit third degree murder, criminal attempt homicide, and conspiracy to commit criminal attempt homicide. Bates contends that, pursuant to 18 Pa. Cons. Stat. § 906, he is "statutorily innocent" of "both the second charge of conspiracy and attempted murder" charge because his crime was "a continuous conspiracy that continued until it resulted in the ultimate death of the victim." *See* Pet'r's Mem. 19-20, ECF No. 1-2; 18 Pa. Cons. Stat. § 906 ("A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime.").

### A. Magistrate Judge Strawbridge correctly determined the commencement of the statute of limitations period under AEDPA.

First, Bates objects to Magistrate Judge Strawbridge's calculation of the start date for the one-year period of limitations in which Bates had to file his habeas corpus petition under AEDPA. Under 28 U.S.C. § 2244(d)(1), this one-year period of limitation runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Magistrate Judge Strawbridge determined that none of the circumstances described in (d)(1)(B)-(D) applied to Bates's case, and, as a result, Bates's one-year limitations period began to run on July 23, 2006, or thirty days after his sentencing, which is when the time for seeking direct review of his sentence expired.

Bates objects to this determination and claims that Judge Riley's statement that "challenges to the legality of the sentence or jurisdiction of the court can be raised at any time" constituted an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" under 28 U.S.C. § 2244(d)(1)(B). Because this statement of Judge Riley is the focus of both Bates's first objection and his second objection, concerning equitable tolling, the Court will examine the statement and its context in some detail.

Judge Riley made this statement after accepting Bates's plea and in the context of advising Bates of his appellate rights. First, Judge Riley advised Bates that he had the right to file a post-sentence motion. Concerning such a motion, Judge Riley stated the following:

> If you file a post sentence motion, the following rules apply. A [p]ost sentence motion must be in writing, must be filed with the Clerk of Courts here in the Chester County Courthouse within 10 days from today, your sentencing date.
>
> A post sentence motion must state clearly the relief that you are requesting. Such a motion may include, but are [sic] not limited to, a motion challenging the validity of a guilty plea or the denial of a motion to withdraw a guilty plea, a motion to modify sentence. *Challenges to the legality of the sentence or jurisdiction of the court can be raised at any time.*

Hr'g Tr. 28-29, June 23, 2006 (emphasis added).

Second, Judge Riley advised Bates that if he filed a post-trial motion, and if that motion was denied, he could file an appeal to the Pennsylvania Superior Court within thirty days of the denial by filing a notice of appeal with the Chester County Clerk of Court. Third, Judge Riley advised Bates that if he did not file a post-sentence motion, he could nevertheless file an appeal to the Pennsylvania Superior Court within thirty days of sentencing. Concerning such an appeal, Judge Riley stated the following:

> It is not necessary that issues raised on appeal were also raised in a post sentence motion as long as they were raised by motion or objection before or during the sentencing hearing. *However, the challenges to the legality of the sentence or jurisdiction of the court can be raised at any time.*

*Id.* at 30 (emphasis added).

Judge Riley then asked Bates's counsel if he had reviewed Bates's post-sentence rights with him. After Bates's counsel affirmed that he had done so, counsel informed Judge Riley that Bates "wishe[d] to waive those rights" and that counsel had prepared an order to that effect. *Id.* at 30-31. Judge Riley asked Bates if he understood that he was giving up his right to an appeal. Bates affirmed that he understood. Judge Riley then asked Bates if he understood that he was

"[g]iving up [his] right to file a post sentence motion within the 10 days and also the right to appeal within 30 days, which means case closed, there is no way [he] could appeal or seek to overturn this plea agreement." *Id.* at 31. Again, Bates affirmed that he understood.

As indicated above, Bates contends that, under 28 U.S.C. § 2244(d)(1)(B), Judge Riley's statement that "challenges to the legality of the sentence or jurisdiction of the court can be raised at any time" constituted an "impediment" to filing a petition "created by State action in violation of the Constitution or laws of the United States." Bates is incorrect, both because Judge Riley's statement was not an "impediment" and, even if it was, the statement did not violate the Constitution or federal law.

Although the Court of Appeals for the Third Circuit has not "addressed the meaning of 'impediment to filing' under § 2244(d)(1)(B)," *Pabon v. Mahanoy*, 654 F.3d 385, 404 (3d Cir. 2011), the Ninth Circuit has observed that "[t]he limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials," *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005). In addition, "[a] plurality of the Supreme Court has . . . suggested that the provision would apply if a 'state court . . . refuse[d] to rule on a constitutional claim that ha[d] been properly presented to it.'" *Id.* (quoting *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 405 (2001) (plurality op. of O'Connor, J.)). Clearly, neither of these circumstances applies here, nor was Judge Riley's statement in any way analogous to these circumstances.

Further, Judge Riley's statement was an accurate statement of Pennsylvania law. *See Com. v. Armolt*, No. 125 MDA 2015, 2015 WL 6829665, at *17 (Pa. Super. Ct. July 23, 2015) (observing that the "general rule" in Pennsylvania is that "a challenge to the legality of a

8
041618

sentence may be raised at any time"). Specifically, under Pennsylvania law, "legality-of-sentence claims are non-waivable and thus not required to have been preserved at any prior stage of litigation in order to obtain review thereof." *Com. v. Jones*, 932 A.2d 179, 183 (Pa. Super. Ct. 2007) (emphasis omitted). In context, this is the clear sense of Judge Riley's statement. To be sure, the general rule that a challenge to the legality of a sentence may be raised at any time is subject to the important proviso that the claim must be raised "in the proper proceeding and before a court having jurisdiction to correct the sentence." *See Armolt*, 2015 WL 6829665, at *17; *see also Com. v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). But Judge Riley's statement did not indicate otherwise. In short, Judge Riley's statement was an accurate, even if incomplete, statement of Pennsylvania law and did not constitute an "impediment" to Bates's ability to file a habeas corpus petition.

Finally, even if Judge Riley's statement was an "impediment," which it was not, Bates does not explain how the statement violated "the Constitution or laws of the United States." Nor is there any reason to believe that the statement violated the Constitution or federal law. Accordingly, § 2244(d)(1)(B) does not apply in these circumstances, and the Magistrate Judge correctly determined that Bates's limitation period began on July 23, 2006. Bates's objection is overruled.

**B.     Magistrate Judge Strawbridge correctly determined that Bates is not entitled to equitable tolling.**

In his second objection, Bates reiterates his claim, made in his Petition, that Judge Riley's statement that "challenges to the legality of the sentence or jurisdiction of the court can be raised at any time" constituted an "extraordinary circumstance" that prevented him from filing a timely habeas corpus petition.

9
041618

The Court of Appeals for the Third Circuit has recognized that one of the "potentially extraordinary situations" that might justify equitable tolling "is where a court has misled a party regarding the steps that the party needs to take to preserve a claim." *See Brinson v. Vaughn*, 398 F.3d 225, 230-31 (3d Cir. 2005) (quoting *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)). But Judge Riley's statements cannot reasonably be construed as misleading Bates about the steps he needed to take to preserve his habeas corpus rights. First, as explained above, Judge Riley's statement accurately—even if incompletely—described the "general rule" in Pennsylvania concerning challenges to the legality of a sentence and, in context, was not misleading. But even if Judge Riley's statement misled Bates about his *state* appellate rights, the statement cannot be reasonably construed as misleading Bates with respect to his federal habeas corpus rights. The context of Judge Riley's statement is clear: he is discussing Bates's appellate rights in state court. Judge Riley does not even mention Bates's federal habeas corpus rights, and nothing the judge said could have reasonably led Bates to believe that he could file a federal habeas corpus petition "at any time."

Finally, even if Judge Riley's statement constituted an "extraordinary circumstance," which it did not, Bates cannot show that he exercised "reasonable diligence" in pursuing his claims. According to Bates, he first began to research the legality of his sentence in June 2012 and thereafter filed his PCRA petition. But he provides no explanation for why he waited six years after his sentence to begin his legal research. This lengthy and unexplained delay negates any possibility that Bates exercised reasonable diligence in pursuing his claims. *See Pace*, 544 U.S. at 419 (stating that a petitioner who "sit[s] on his rights for years" has not diligently pursued his rights). Accordingly, Bates's second objection is overruled.

C.  **Magistrate Judge Strawbridge correctly determined that Bates failed to make a claim of "actual innocence."**

Finally, Bates objects to the Magistrate Judge's determination that he failed to make a showing of "actual innocence." As in his Petition, Bates argues that he is statutorily innocent of the second charge of conspiracy and the attempted murder charge because the attempt and the murder constituted a single conspiracy and single course of conduct. *See* Pet'r's Obj. 6.

As noted above, actual innocence, if proved, acts as a "gateway" through which a petitioner may pass beyond an expired statute of limitations to have his claim considered on the merits. But as Bates acknowledges, "actual innocence" in this context "means factual innocence, not mere legal insufficiency." *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Bates is claiming legal insufficiency—that under the law he could not be charged with more than one inchoate crime as part of a single course of conduct—not factual innocence. Moreover, as the Magistrate Judge pointed out, in order to meet the actual innocence standard, Bates must supplement his claim with new, reliable evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Bates has not produced new evidence, so his actual innocence claim fails. Accordingly, his third and final objection is overruled.

V.  **Conclusion**

Magistrate Judge Strawbridge correctly concludes that the instant petition for writ of habeas corpus is untimely. This Court therefore adopts the findings and conclusions in the Report and Recommendation, follows the recommendation to dismiss the habeas petition as untimely, and overrules Bates's objections. There is no basis to issue a Certificate of Appealability.[8] A separate Order will be issued.

---

[8] When a district court dismisses a habeas petition on procedural grounds without reaching petitioner's underlying constitutional claim, a Certificate of Appealability should issue when

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a Certificate of Appealability may be issued only when jurists of reason would find both the procedural ruling and an underlying constitutional claim debatable. Because Magistrate Judge Strawbridge correctly determined that reasonable jurists could not disagree that the habeas petition is time-barred, the Court need not consider whether reasonable jurists would find it debatable that the petition states a valid claim of the denial of a constitutional right.